UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELICA DE LA CRUZ
O.B.O. Z.D.,

      Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                         Case No. 1:20-cv-956

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim that her daughter is entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff's daughter, Z.D., was born on February 3, 2006. (ECF No. 12-5, PageID.180). On May 16, 2018, Plaintiff applied for benefits alleging that Z.D. had been disabled since birth due to bi-polar disorder, attention deficit hyperactivity disorder (ADHD), and major depression. (ECF No. 12-2, 12-6, PageID.51, 194). Following an administrative hearing, ALJ Cynthia Harmon, in an opinion dated October 25, 2019, determined that Z.D. did not qualify for disability benefits. (ECF No. 12-2 - 6, PageID.51-67, 71-97). The Appeals Council declined to review this decision, rendering it the Commissioner's final decision in the matter. (ECF No. 12-2, PageID.35-40). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

The ALJ determined that Z.D. suffers from: (1) generalized anxiety disorder; (2) major depressive disorder; and (3) attention deficit hyperactivity disorder (ADHD). (ECF No. 12-2, PageID.52). The ALJ further determined, however, that Z.D.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*, PageID.53-54). The ALJ further determined that Z.D.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (*Id.*, PageID.54-66). Accordingly, the ALJ concluded that Z.D. was not entitled to disability benefits.

I.      **The ALJ Failed to Fully Develop the Record**

Plaintiff participated in the administrative hearing without the benefit of counsel. (PageID.80-81). After determining that Plaintiff was waiving her right to be represented by counsel, the ALJ addressed the importance of the record in assessing Z.D.'s claim. (*Id.*, PageID.81). Specifically, the ALJ stated:

> In order for me to find [Z.D.] disabled, I have to find that there is evidence either from the school or medical records that would support your allegations. I can't just take your say-so. It's really important that we go through all the records and make sure we have them here.

(*Id.*)

The ALJ identified for Plaintiff the evidence and records that had thus far been submitted and then asked, "does it sound like we have everything?" (*Id.*, PageID.81-83). Plaintiff responded that still outstanding were records regarding Z.D.'s recent suicide attempt. (*Id.*, PageID.83). The ALJ indicated that the records in question, from Safehaus, were "pending." (*Id.*). Plaintiff had in her possession a portion of these records and offered to submit them to the ALJ, but the ALJ declined, stating that "we'll continue to get the full record." (*Id.*). The ALJ also expressly stated that "we'll hold the record open until we get those." (*Id.*).

The ALJ, however, never received the records from Safehaus. There is no evidence that this fact was ever communicated to Plaintiff so that she could attempt to obtain these records herself. Then, the ALJ, despite having previously assured Plaintiff that her claim would not be decided without first considering the evidence

from Safehaus, denied Plaintiff's claim.  Plaintiff argues that the ALJ's actions denied her the right to a full and fair hearing.   The Court agrees.

Plaintiff bears the ultimate burden to establish that Z.D. is disabled.  *See, e.g., Strang v. Commissioner of Social Security*, 611 Fed. Appx. 271, 275 (6th Cir., May 4, 2015).  The ALJ nevertheless has the affirmative responsibility to "develop [a claimant's] complete medical history" and must "make every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." *Id.* at 275-76.   Moreover, the ALJ's "duty to develop a full and fair administrative record is heightened. . .when the disability claimant is not represented by counsel at the administrative hearing."   *Id.* at 276.

The ALJ did attempt to obtain the records in question from Safehaus.   Notes dated September 9, 2019, indicate that a representative of the Social Security Administration spoke with a Safehaus representative who indicated that the records in question would be produced within the week.   (ECF No. 12-6, PageID.234). When the records were still not produced, the ALJ issued a subpoena on October 1, 2019, to Safehaus to produce the records within ten days.   (ECF No. 12-4, PageID.169-74).   Failing to receive the requested records within the allotted time, the ALJ issued her decision on October 25, 2019, denying Plaintiff's claim.   (ECF No. 12-2, PageID.51-67).

Defendant argues that the ALJ's actions satisfied the definition of "every reasonable effort" as articulated in the relevant Social Security regulation and, accordingly, that Plaintiff's argument fails.   Defendant may be correct that the ALJ

-6-

satisfied the regulation in question. *See* 20 C.F.R. § 416.912(b)(1) (defining "every reasonable effort"). The Court disagrees, however, that the ALJ's actions were reasonable or satisfied her requirement to fully and fairly develop the record.

Ultimately, whether the ALJ made "every reasonable effort" to develop the administrative record requires the Court to assess the "reasonableness" of the ALJ's actions in light of "all facts it deems to be relevant in a particular case." *McDaniel v. Berryhill*, 2017 WL 1371097 at *5 (E.D. Mich., Apr. 17, 2017); *see also, Rhouma v. Commissioner of Social Security*, - - - F.Supp.3d - - -, 2021 WL 5882671 at *12 (N.D. Ohio, Dec. 13, 2021) ("[t]here is no bright-line test for determining when the ALJ has adequately discharged his duty [to fully and fairly develop the record]" as such "must be made on a case-by-case basis").

As noted above, the ALJ assured Plaintiff that she would obtain the records from Safehaus and would "hold the record open until we get those." The ALJ did not suggest or intimate that, if Safehaus failed to timely respond to the subpoena, the record would be closed and a decision issued. Instead, the ALJ explicitly assured Plaintiff that *she* would obtain the records from Safehaus and would not issue a decision until such records were received. But when the ALJ failed to receive the records from Safehaus she simply closed the record and denied Plaintiff's application.

Where an ALJ assures an unrepresented claimant that she will obtain certain evidence, the failure to do so deprives the claimant of the right to a full and fair hearing. *See, e.g., Strang*, 611 Fed. Appx. at 275-76; *McDaniel*, 2017 WL 1371097

-7-

at *6; *Rhouma*, - - - F.Supp.3d - - -, 2021 WL 5882671 at *13. Furthermore, the ALJ's error in this instance is not harmless. As the Sixth Circuit stated in *Strang*, "where the ALJ agrees to procure more information for the record and fails to do so . . . the lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits." *Strang*, 611 Fed. Appx. at 276. Such is certainly the case when the records in question concern a suicide attempt by the child whose mental impairments are at issue.

Finally, Defendant argues that, even if the ALJ erred, such should be disregarded because Plaintiff failed to subsequently submit the records in question to the Appeals Council or to this Court. This argument is rejected. As has been recognized, whether a claimant subsequently submitted certain evidence as part of her appeal of an ALJ's decision "is irrelevant to the issue of whether the ALJ breached a duty owed to [the claimant] at the hearing stage." *Rhouma*, - - - F.Supp.3d - - -, 2021 WL 5882671 at *13.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date: December 29, 2021                       /s/ Phillip J. Green
                                                                   PHILLIP J. GREEN
                                                                   United States Magistrate Judge